# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# (Gainesville DIVISION)

| | |
|---|---|
| SHANDS TEACHING HOSPITAL AND CLINICS, INC. d/b/a UF HEALTH SHANDS and SHANDS JACKSONVILLE MEDICAL CENTER, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SUNSHINE STATE HEALTH PLAN, INC. d/b/a WELLCARE and WELLCARE HEALTH INSURANCE OF ARIZONA, INC., <br><br> Defendants. | Civil Action No.: 1:24-cv-197 <br><br> (Removed from the Circuit Court in and for the Eighth Judicial Circuit for Alachua County, Florida Case No. 2024 CA 003053) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1331, Defendants Sunshine State Health Plan, Inc. d/b/a WellCare (WellCare-FL), and WellCare Health Insurance of Arizona, Inc. ("WellCare-AZ"), (collectively, "WellCare"), hereby remove this action from the Circuit Court for the Eighth Judicial Circuit for Alachua County, Florida, where it is now pending, to the United States District Court for the Northern District of Florida (Gainesville Division). As detailed herein, because Plaintiffs' claims raise a substantial question of federal law, this Court properly has jurisdiction.

### Background and Nature of the Dispute

1. Based upon the allegations of the Complaint, WellCare is a Medicare Advantage Organization ("MAO") that administers Medicare benefits for eligible elderly and disabled Floridians. *See* Complaint, attached as **Exhibit A**, at ¶¶ 9-10. Medicare Advantage is an alternative to Traditional Medicare. Traditional Medicare is a fee for service program administered by the government rather than MAOs. *See* Title XVIII of the Social Security Act, Parts A, B, C.

2. As an MAO, WellCare enters into contracts with various health care providers,

including Plaintiffs Shands Teaching Hospital and Clinics, Inc. *d/b/a* UF Health Shands ("UF Health Shands") and Shands Jacksonville Medical Center, Inc. ("UF Health Jacksonville") (collectively, "UF Health"), that deliver services to "members" enrolled in WellCare's MAO health plans. *See* Complaint, ¶¶ 1, 21-30.

3. UF Health and WellCare entered into a Hospital Participation Agreement (the "Agreement") under which WellCare agreed to pay UF Health for covered outpatient services, including covered outpatient drugs, according to a multiplier of the Centers for Medicare & Medicaid Services ("CMS") outpatient prospective payment system ("OPPS") rates "in effect on the date the Covered Service is rendered, less applicable co-payments, deductibles and/or co-insurance." Complaint, ¶ 25.

4. CMS establishes and maintains OPPS through federal regulations. *See* Complaint, ¶¶ 17-18, 25-27; *see also* 42 U.S.C. § 1395l(t); *e.g.*, 82 Fed. Reg. 52,356 (Nov. 13, 2017).

5. Beginning in 2018, CMS implemented a new regulation for OPPS specifying, among other things, that (a) providers must include a modifier on health care claim lines that identify outpatient drugs the provider acquired under the federal 340B drug pricing program, and (b) the payment rate for such drugs was reduced from the average sale price ("ASP") plus 6% to ASP minus 22.5%. Complaint, ¶ 17; *see* 42 U.S.C. § 256b; 82 Fed. Reg. at 52,496-97.

6. In 2022, the Supreme Court held that CMS did not follow the relevant federal statute when setting the discounted payment rate for 340B drugs. Complaint, ¶ 18; *see American Hospital Association et al. v. Becerra*, 142 S.Ct. 1896 (2022). Following remand in *Becerra* and further decisions from the federal district court, CMS issued a new rule to remedy the federal government's payments for 340B-acquired drugs under Traditional Medicare. Complaint, ¶ 19; *see* 88 Fed. Reg. 77,150 (Nov. 8, 2023).

7. UF Health participates in the federal 340B drug pricing program. *See* Complaint, ¶¶ 14-16; *see also* 42 U.S.C. § 256b.

8. On September 19, 2024, UF Health filed the Complaint in the Circuit Court in and for the Eighth Judicial Circuit for Alachua County, Florida. *See* Complaint.

9. In the Complaint, UF Health alleges that WellCare breached the Agreement and underpaid UF Health by using the alleged "invalidated" CMS OPPS regulations to compensate UF Health for 340B-acquired drugs dispensed to WellCare's members between 2018 and 2022. *See* Complaint, ¶¶ 27-28, 33-34, 38-39, 43-44, 48-49.

10. WellCare was served with process in the Alachua County action on October 2, 2024.

## This Court Has Jurisdiction under 28 U.S.C. § 1331 Because the Case Presents a Substantial Federal Question.

11. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331. Therefore, this action is removable pursuant to 28 U.S.C. § 1441.

12. Under 28 U.S.C. § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This includes substantial federal question jurisdiction, which exists when an asserted state law claim necessarily raises a substantial and important federal issue. *See Handy Land & Timber, LLLP v. Transcontinental Gas & Pipe Line Co., LLC*, 762 F. App'x 810, 812 (11th Cir. 2019).

13. For substantial federal question jurisdiction to exist, the federal issue must be "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the congressionally-approved balance between federal and state courts." *Handy Land*, 762 F. App'x at 812 (citing *Gunn v. Minton*, 568 U.S. 251, 257-58 (2013)). This case meets all four elements.

**A. Plaintiffs' Claims Necessarily Raise a Federal Issue.**

14. As to the first element, a federal issue is necessarily raised when it is an "essential element" of the plaintiff's claim. *Grable & Sons Metal Prods. V. Darue Eng'g & Mfg.*, 545 U.S. 308, 315 (2005); *Tubeville v. Fin. Indus. Regulatory Auth.*, 874 F.3d 1268, 1275 (11th Cir. 2017). According to UF Health's own allegations, the basis for its breach of contract claims necessarily raise an issue of federal law.

15. UF Health alleges that WellCare underpaid UF Health for 340B-acquired drugs in breach of the Agreement because: (i) the Agreement provides for payment according to "a multiplier of" the rates set by CMS OPPS regulations, (ii) beginning in 2018, CMS enacted OPPS regulations that provided a reduced payment rate for 340B-acquired drugs, (iii) in 2022, the U.S. Supreme Court held in *Becerra* that CMS did not follow the relevant federal statute when enacting the OPPS regulations with the reduced 340B payment rate, and (iv) WellCare breached the Agreement because between 2018 and 2022, it paid UF Health for 340B-acquired outpatient drugs according to OPPS regulations that were "invalidated" by the U.S. Supreme Court. *See* Complaint, ¶¶ 17-18, 25, 27-28, 34, 39, 44, 49.

16. To evaluate UF Health's breach of contract claims, the Court must necessarily interpret the validity, construction, and effect of federal regulations and assess whether the U.S. Supreme Court's finding that CMS did not follow the relevant federal statute when enacting federal OPPS regulations caused WellCare's past payments for outpatient drugs acquired under a federal drug pricing program to be in breach of the Agreement.

17. While WellCare disputes the allegations in UF Health's Complaint, these allegations are taken as true solely for the purposes of removal jurisdiction to show that UF Health's Complaint raises a federal question. *See Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th

Cir. 2001).

18. Accordingly, because federal law is "an essential element of [UF Health's] claim[,]" a federal issue is 'necessarily raised." *Grable*, 545 U.S. at 315.

**B. The Federal Issue UF Health Raises Is Actually Disputed.**

19. A federal issue is "actually disputed" where the parties actually dispute "the validity, construction or effect of [federal] law." *Grable*, 545 U.S. at 313 (citation and internal quotations omitted). Here, WellCare vigorously disputes UF Health's interpretation of federal law and its effect on WellCare's payment obligations under the Agreement.

20. Despite ruling that CMS did not follow the relevant federal statute when setting the 340B drug payment rate in the OPPS regulations, it is WellCare's position that the U.S. Supreme Court in *Becerra* did not vacate those regulations, choosing instead to remand the case to the federal district court. On remand, the district court vacated the reduced 340B reimbursement rate on a ***prospective*** basis only. *See AHA v. Becerra*, 2022 U.S. Dist. LEXIS 175449, *5-12, 16 (D.D.C. Sept. 28, 2022). The district court expressly ***refused*** to vacate the change to reimbursement rates retroactively for January 2018 to September 2022, the period at issue in UF Health's Complaint. *Id*., at *15.

21. While CMS subsequently enacted a rule providing lump sum payments to 340B hospitals to remedy its error in setting the OPPS regulation, CMS limited the rule to Traditional Medicare only and specified that Medicare Advantage payments, like those identified in the Complaint, are outside the scope of its rule. *See* 88 Fed. Reg. at 77,184; *cf.* Complaint, ¶ 19.

22. Thus, it is WellCare's position that, contrary to UF Health's claims and allegations, no federal regulation, federal court decision, or other authority supports UF Health's demand that WellCare pay additional compensation for 340B drugs dispensed to WellCare members between

2018 and 2022.

23. UF Health disagrees with the positions of WellCare's interpretation of *Becerra* and its lack of effect on the parties' agreement evidenced by UF Health's very Complaint as shown above. Thus, the federal issue that is the cornerstone of UF Health's claims is clearly disputed.

    **C. The Federal Issues in Dispute Are Substantial**

24. A federal issue is substantial when it is "sufficiently real" and not "merely hypothetical." *Compare Grable*, 545 U.S. at 313 ("[A] controversy respecting the construction and effect of the [federal] laws is involved and is sufficiently real and substantial.") *with Gunn v. Minton*, 568 U.S. 251, 261-62 (2013) (finding federal issue in legal malpractice case was not substantial because "the [federal] question is posed in a merely hypothetical sense").

25. The federal issue in this case is substantial, not only to the instant parties, but also to CMS, federal courts, and the federal Medicare Advantage program funded by the federal government. Federal courts expressly refused to retroactively vacate the CMS OPPS rate upon which MAOs like WellCare relied to conduct their business for the last five years because vacatur "could upset an enormous number of settled transactions" and "would do more harm than good." *Becerra*, 2022 U.S. Dist. LEXIS 175449, at *15.

26. CMS expressly refused to order MAOs to pay additional funds to contracted providers. *See* 88 Fed. Reg. at 77,184.

27. Yet, UF Health in this action seeks to have the Court adjudicate its claims and ignore federal courts' and CMS's careful decisions and force WellCare – and by implication, other MAOs – to incur millions of dollars in unaccounted for liabilities. The federal issues raised by UF Health's Complaint are substantial.

### D. This Court Can Resolve the Federal Issues in Dispute without Disrupting the Balance between Federal and State Courts.

29. Finally, federal courts should refrain from exercising jurisdiction due to a substantial federal question if doing so would disrupt the balance between federal and state courts and interfere with the "normal currents of litigation" in state courts. *Grable*, 545 U.S. at 318.

30. That is not the case here. Federal courts and agencies already have issued rules and decisions on the disputed federal issue in this case. *See Becerra*, 2022 U.S. Dist. LEXIS 175449; *see also* 88 Fed. Reg. at 77,184.

31. Exercising jurisdiction over this dispute would not unduly expand the jurisdiction of federal courts or infringe on matters typically regulated by the states. *Compare with, e.g.*, *Gunn*, 568 U.S. at 264.

32. In sum, the federal issues in this dispute are (1) necessarily raised by UF Health's Complaint, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the Congressionally-approved balance between federal and state courts. Accordingly, this court has jurisdiction under 28 U.S.C. § 1331.

### WellCare Has Met the Procedural Requirements for Removal

33. No previous request has been made for the relief requested herein.

34. This Notice of Removal is properly filed in the Northern District of Florida pursuant to 28 U.S.C. § 1446(a).

35. The United States District Court for the Northern District of Florida, Gainesville Division is the proper division to where this matter should be assigned because it is the District Court embracing the Circuit Court of the Eighth Judicial District, County of Alachua, where UF Health's action is pending. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 89(c).

36. In filing this Notice of Removal, WellCare reserves all defenses, including but not

limited to, lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process, and failure to join and/or misjoinder of parties.

37. All other filings filed in state court in this action other than the Complaint are attached as **Exhibit B**.

38. As required by 28 U.S.C. § 1446(d), written notice of this Notice of Removal is being served upon counsel for UF Health and WellCare is filing a copy of this Notice of Removal with the Clerk of Court for the Circuit Court for the Eighth Judicial Circuit, Alachua County, Florida. A copy of the Notice of Filing Notice of Removal is attached as **Exhibit C.**

### WellCare's Notice of Removal is Timely

39. WellCare was served with the Complaint in this action on October 2, 2024. This Notice of Removal is filed within 30 days of the date that WellCare was served with a copy of the initial pleading setting forth the claim for relief upon which this action is based. *See* 28 U.S.C. § 1446(b). Accordingly, this action is timely removed.

WHEREFORE, WellCare give notice that UF Health's claims are removed to this Court, for the exercise of jurisdiction over this action, as though this action had originally been instituted in this Court.

Dated: October 31, 2024            Respectfully submitted,

By: */s/ Edward M. Mullins*
Martin J. Bishop
Florida Bar No. 14996
mbishop@reedsmith.com
Edward M. Mullins
Florida Bar No. 863920
emullins@reedsmith.com
Conor D. Cassidy
Florida Bar No. 1048579
ccassidy@reedsmith.com
REED SMITH LLP

200 S Biscayne Blvd, Suite 2600
Maimi, FL 33131
Telephone: (786) 747-0200
Facsimile: (786) 747-0299

*Counsel for Defendants Sunshine State Health Plan, Inc. d/b/a WellCare and WellCare Health Insurance of Arizona, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 31, 2024, a true and correct copy of the foregoing was served electronically via the Court's CM/ECF filing system, upon all counsel of record, including the following:

Danya J. Pincavage
danya@wolfepincavage.com
Daniel F. Rubio
daniel.rubio@wolfepincavage.com
**WOLF | PINCAVAGE**
78000 SW 57th Avenue, Suite 225
South Miami, FL 33143
Office: 786.409.0802

*/s/Edward M. Mullins*
Edward M. Mullins

*Counsel for Defendants*