# Exhibit A

IN THE CIRCUIT COURT IN AND FOR THE 8TH JUDICIAL CIRCUIT FOR ALACHUA COUNTY, FLORIDA

SHANDS TEACHING HOSPITAL
AND CLINICS, INC. d/b/a UF
HEALTH SHANDS and SHANDS
JACKSONVILLE MEDICAL CENTER,
INC.

CASE NO.: 2024 CA 003053

    Plaintiffs,

v.

SUNSHINE STATE HEALTH PLAN, INC.
D/B/A WELLCARE and WELLCARE
HEALTH INSURANCE OF ARIZONA,
INC.

    Defendants.

_____

## COMPLAINT FOR DAMAGES

    Plaintiffs, Shands Teaching Hospital and Clinics, Inc. d/b/a UF Health Shands ("UF Health Shands") and Shands Jacksonville Medical Center, Inc. ("UF Health Jacksonville") (collectively, "UF Health"), sues Defendants, Sunshine State Health Plan, Inc. d/b/a WellCare ("WellCare-FL") and WellCare of Arizona, Inc. ("WellCare-AZ") (collectively, "WellCare"), and allege as follows:

### NATURE OF THE ACTION

    1.    UF Health brings this action to recover proper reimbursement for 340B Drugs that it furnished to WellCare's Medicare Advantage Members ("Members").

    2.    WellCare failed to correctly reimburse UF Health for 340B Drugs that it furnished to Members at its Jacksonville and Gainesville facilities, in violation of the Parties' Hospital

1

Participation Agreement, effective November 1, 2010, and its amendments thereto (collectively, the "Agreement")(Exhibit A).[1] As a result of WellCare's unauthorized and improper underpayments, UF Health has suffered more than $6 million in damages.

3. UF Health complied with the Agreement's pre-suit dispute resolution process; however, WellCare failed to correct its breaches of the Agreement, and any further efforts to resolve this issue would be futile. Litigation is therefore required.

4. Accordingly, UF Health seeks proper reimbursement pursuant to the Agreement.

**PARTIES & JURISDICTION**

5. This action is for damages in excess of $50,000, exclusive of costs, interest, and attorney's fees.

6. UF Health is a Florida not-for-profit health system, comprised of a world-renowned teaching hospital, and is one of the most comprehensive medical facilities in the State of Florida.

7. UF Health Shands is a not-for-profit hospital that is part of the UF Health system and is located in Gainesville, Florida.

8. UF Health Jacksonville is a not-for-profit hospital that is part of the UF Health system and is located in Jacksonville, Florida.

9. WellCare-FL is a for-profit company with its principal place of business in Tampa, Florida. WellCare-FL is a licensed health maintenance organization ("HMO") under Florida law and transacts business in the state of Florida. WellCare-FL sells Medicare Advantage plans at issue in this litigation.

---

[1] Due to confidentiality concerns, the Agreement will be served with the Complaint but will not be filed in the public record. UF Health will request leave to file the Agreement under seal with the Court.

2

10. WellCare-AZ is a for-profit company with its principal place of business in Tempe, Arizona and its mailing address in Tampa, Florida. WellCare-AZ is a licensed health maintenance organization ("HMO") under Florida law and transacts business in the state of Florida. WellCare-AZ sells Medicare Advantage plans at issue in this litigation.

11. WellCare is subject to personal jurisdiction in Florida pursuant to Fla. Stat. §§ 48.193(1)(a)(1), (4), and (7) who personally or through an agent, committed the following acts: (a) contracted to insure persons or risks located within Florida at the time of contracting; (b) WellCare made payments to UF Health for services provided in Florida, (c) WellCare engages in business in Florida by establishing a provider network that allows its members to access in-network services and rates with Florida providers, like UF Health; and (d) WellCare breached a contract within the State of Florida.

12. Venue is proper in Alachua County, Florida pursuant to Fla. Stat. § 47.011 because the cause of action accrued in Alachua County, Florida. WellCare is also required by the Agreement to make payment to UF Health in Alachua County, Florida.

13. All conditions precedent to the filing of this lawsuit have occurred, have been performed, and/or have otherwise been executed, satisfied, waived or would be futile.

**GENERAL ALLEGATIONS**

A. **The 340B Drug Program**

14. In 1992, section 340B of the Public Health Service Act, 42 U.S.C. § 256b, was enacted, requiring pharmaceutical manufacturers to sell specified outpatient drugs at discounted prices ("340B Drugs") to health care organizations that care for uninsured and low-income patients ("340B Program").

15. The intent of the 340B Program is to allow participating hospitals to stretch limited

3

federal resources to reduce the price of outpatient pharmaceuticals for patients and reinvest those savings to expand health care services to patients and the communities they serve. Accordingly, CMS reimbursed 340B and non-340B hospitals at the same rate for 340B Drugs, allowing the 340B hospitals to access the savings for reinvestment.

16. UF Health participates in the 340B Program.

17. In 2018, without notice or comment, CMS implemented a payment policy that (a) required providers to include a modifier on claim forms submitted for reimbursement of 340B Drugs and (b) reduced reimbursement rates for 340B Drugs from Average Sales Price ("ASP") plus 6 percent to ASP minus 22.5 percent.

18. But in June 2022, the U.S. Supreme Court invalidated the reduced-payment policy, finding that it was unlawful. *See American Hospital Association et al. v. Becerra*, 142 S.Ct. 1896 (2022). Thereafter, CMS was ordered to immediately resume paying 340B hospitals at the same rate used for non-340B hospitals.

19. CMS has reprocessed traditional Medicare claims for 340B Drugs and paid participating hospitals the amounts they should have received before the unlawful payment policy was implemented.

20. WellCare refuses to do the same. Instead, it is purposefully misconstruing its contract language with UF Health to avoid paying UF Health the proper amounts for 340B Drugs furnished to its Members.

**B. The Parties' Relationship and WellCare's Breach of the Agreement**

21. The Agreement sets forth the payment methodologies WellCare must use to properly reimburse UF Health for the healthcare goods and services it provides to WellCare's Members at its Gainesville and Jacksonville facilities.

4

22. Since the execution of the Agreement, the Parties have entered into several amendments to the Agreement.

23. In June 2018, the Parties entered into an Amendment to the Agreement ("2018 Amendment"), which added WellCare-AZ as a party to the Agreement, binding it to the terms of the Agreement.[2]

24. The 2018 Amendment applies to covered services rendered by UF Health to WellCare's Members, including 340B Drugs.

25. Pursuant to the Agreement, as amended, WellCare agreed to pay UF Health for Outpatient Covered Services, including 340B Drugs, at a multiplier of the CMS Medicare Outpatient Prospective Payment System ("OPPS") rates in effect on the date the Covered Service is rendered, less applicable co-payments, deductibles and/or co-insurance.

26. The United States Supreme Court determined the applicable OPPS rate for 340B Drugs for 2018-2022 was ASP plus 6 percent.

27. WellCare, however, underpaid UF Health for 340B claims for the timeframe 2019-2022 (the "Relevant Claims") by calculating reimbursement using CMS' invalidated ASP minus 22.5 percent methodology.

28. WellCare could not have paid the Relevant Claims "in accordance with the payment methodology" effective on the date of the Relevant Claims because it used a CMS payment method that was invalidated by the U.S. Supreme Court.

---

[2] Upon information and belief, Sunshine State Health Plan, Inc. and/or WellCare-AZ are the successors in interest to the Agreement or WellCare-FL assigned its rights thereunder to Sunshine State Health Plan, Inc. and/or WellCare-AZ at the time of WellCare-FL's merger with Centene Corporation in 2020.

29. The U.S. Supreme Court held the correct applicable CMS payment method for the dates of service at issue in this dispute is ASP plus 6 percent and not ASP minus 22.5 percent, as utilized by WellCare. *See American Hospital Association et al. v. Becerra*, 142 S.Ct. 1896 (2022).

30. WellCare is profiting from its refusal to properly compensate UF Health for 340B Drugs, and UF Health has suffered damages exceeding $6 million as a result of WellCare's conduct.

**COUNT I: BREACH OF CONTRACT**
**UF Health Shands Against WellCare-FL**

31. UF Health Shands realleges and incorporates Paragraphs 1 through 30 as if fully set forth herein.

32. The Agreement is valid and binding between UF Health Shands and WellCare-FL.

33. WellCare-FL breached the Agreement by reimbursing UF Health Shands for the Relevant Claims at a rate substantially lower than the contracted rate.

34. WellCare-FL breached the Agreement because it paid the Relevant Claims using a payment methodology that was invalidated by the U.S. Supreme Court. WellCare FL therefore could not have appropriately paid those claims because it used an unlawful payment policy.

35. As a result of WellCare-FL's breaches, UF Health Shands has suffered damages.

**COUNT II: BREACH OF CONTRACT**
**UF Health Jacksonville Against WellCare-FL**

36. UF Health Jacksonville realleges and incorporates Paragraphs 1 through 30 as if fully set forth herein.

37. The Agreement is valid and binding between UF Health Jacksonville and WellCare-FL.

38. WellCare-FL breached the Agreement by reimbursing UF Health Jacksonville for the Relevant Claims at a rate substantially lower than the contracted rate.

39. WellCare-FL breached the Agreement because it paid the Relevant Claims using a payment methodology that was invalidated by the U.S. Supreme Court. WellCare-FL therefore could not have appropriately paid those claims because it used an unlawful payment policy.

40. As a result of WellCare-FL's breaches, UF Health Jacksonville has suffered damages.

## COUNT III: BREACH OF CONTRACT
## UF Health Shands Against WellCare-AZ

41. UF Health Shands realleges and incorporates Paragraphs 1 through 30 as if fully set forth herein.

42. The Agreement is valid and binding between UF Health Shands and WellCare-AZ.

43. WellCare-AZ breached the Agreement by reimbursing UF Health Shands for the Relevant Claims at a rate substantially lower than the contracted rate.

44. WellCare-AZ breached the Agreement because it paid UF Health Shands for the Relevant Claims, using a payment methodology that was invalidated by the U.S. Supreme Court. WellCare-AZ therefore could not have appropriately paid those claims because it used an unlawful payment policy.

45. As a result of WellCare-AZ's breaches, UF Health Shands has suffered damages.

## COUNT IV: BREACH OF CONTRACT
## UF Health Jacksonville Against WellCare-AZ

46. UF Health Jacksonville realleges and incorporates Paragraph 1 through 30 as if fully set forth herein.

47. The Agreement is valid and binding between UF Health Jacksonville and WellCare-AZ.

48. WellCare-AZ breached the Agreement by reimbursing UF Health Jacksonville for the Relevant Claims at a rate substantially lower than the contracted rate.

49. WellCare-AZ breached the Agreement because it paid UF Health Jacksonville for the Relevant Claims, using a payment methodology that was invalidated by the U.S. Supreme Court. WellCare-AZ therefore could not have appropriately paid those claims because it used an unlawful payment policy.

50. As a result of WellCare-AZ's breaches, UF Health Jacksonville has suffered damages.

## PRAYER FOR RELIEF

**WHEREFORE,** UF Health prays for judgment to be entered in its favor and against WellCare awarding the following:

   i) Compensatory damages;

   ii) Pre-judgment and post-judgment interest as provided by Florida law;

   iii) Taxable costs and expenses; and

   iv) Such other relief as the Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

UF Health demands trial by jury of all issues so triable.

Dated this 19th day of September, 2024.

8

Respectfully submitted,

WOLFE | PINCAVAGE
*Counsel for Claimants*
7800 SW 57th Avenue
Suite 225
South Miami, FL 33143
Office: 786.409.0802


/s/ Danya J. Pincavage
Danya J. Pincavage
Fla. Bar No.: 14616
danya@wolfepincavage.com
Daniel F. Rubio
Fla Bar No.: 1002594
daniel.rubio@wolfepincavage.com

9

# **EXHIBIT A**

Due to confidentiality concerns, the Agreement will be served with the Complaint but will not be filed in the public record.